UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-280-RJC
3:14-cr-254-RJC-DSC-1

| | |
|---|---|
| **CARLTON CALVIN WILSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on *pro se* Petitioner's Letter, (Doc. No. 13), that was docketed as a Motion to Seal and Motion for Extension of Time to Appeal; a Motion for Reconsideration, (Doc. No. 14); and a Motion for Reconsideration/ Motion to Appoint Counsel, (Doc. No. 15).

Petitioner's Letter is construed in part as a Motion to Seal. The Court's Local Rules provide for a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a); see Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988); In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283 (4th Cir. 2013). However, a court has authority to seal documents before it based on the court's inherent supervisory authority over its own files and records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The denial of access to documents under the First Amendment must be necessitated by a compelling government interest that is narrowly tailored to serve that interest. See In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d at 293 (the common law right of access

1

to judicial records is committed to the sound discretion of the judicial officer who issued it). Courts have noted safety concerns as overriding interests that outweigh the presumption of public access to judicial records. See Presley v. Georgia, 558 U.S. 209 (2010). Before sealing judicial records, a court must identify the interest that overrides the public's right to an open court, and articulate supporting findings specific enough that a reviewing court can determine whether the order was properly entered. See Press-Enterprise Co. v. Superior Ct. of Ca., 464 U.S. 501 (1984); LCvR 6.1. When addressing motions to seal, the court must consider alternatives to sealing and specify whether the sealing is temporary or permanent and also may redact orders in its discretion. LCvR 6.1.

Petitioner asks the Court to seal the February 21, 2020 Order because it contains information that may affect his safety in prison. He alternatively asks the Court to redact a portion of the Order. The Government has not filed a response.

The Court finds that Petitioner's interest in his personal safety is compelling and overrides the public's interest in accessing the full February 21 Order. However, sealing the Order in its entirety is not the narrowest remedy that will adequately address Petitioner's concerns. Redacting the Order in question will serve the important interest of protecting Petitioner's safety while retaining the public's interest in an open court. Therefore, the Clerk of Court will be instructed to replace the February 21, 2020 Order with a redacted version (attached to this Order) and will be directed to instruct online legal research providers LexisNexis and Westlaw to replace the Order with the redacted version on their websites.

The Letter is also construed in part as a Motion requesting an extension of time to file a Notice of Appeal, (Doc. No. 13). An unsuccessful § 2255 petitioner has 60 days to file a notice of appeal from an order denying a motion to vacate. Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(b).

A district court may reopen the time to file an appeal for a period of 14 days after the date when the order to reopen is entered if: the court finds that the moving party did not receive notice of the entry of the order sought to be appealed within 21 days after its entry; the motion is filed within 180 days after the order is entered or within 14 days after the party receives notice of the entry under Rule 77(d), whichever is earlier; and the court finds that no party would be prejudiced. 28 U.S.C. § 2107(c).

The Court issued its Order denying Petitioner's § 2255 Motion to Vacate on February 21, 2020. (Doc. No. 10). Petitioner states that he did not receive a copy of the Order until June 1, 2020. Petitioner dated his Letter asking the Court to reopen the time to appeal on June 1, 2020 and it was docketed on June 10, 2020. He believes the delay in his receipt of the Order is due to his transfer to another prison, which is still underway, and the COVID-19 pandemic. He further states that he does not presently have access to a law library, or his legal paperwork and he appears to ask that the Court extend the time to file a Notice of Appeal until he is transferred to another institution in the future.

Petitioner has filed a Department of Justice Memorandum dated June 19, 2020 written by Petitioner's case manager.[1] It states that Petitioner "is currently in-transit to his designated facility and has been for the last few months and due to the Coronavirus pandemic most inmate movement has been terminated for now. Therefore, he does not have access to the law library as needed to work on his case/motion/appeal and will most likely not make any deadline(s) set forth by the courts." (Doc. No. 15-1 at 1).

The Court finds that Petitioner did not receive a copy of the February 21 Order within 21

---

[1] The Memorandum was attached to one of Petitioner's Motions for Reconsideration, but the Court will consider it in support of the request to extend the time to file a Notice of Appeal.

days of its entry. Petitioner has satisfied the requirements of § 2107(c) and the Government has not asserted that it will be prejudiced if an extension of time to appeal is granted. Petitioner's Motion to reopen the time for filing a Notice of Appeal will therefore be granted and Petitioner will have 14 days to file a Notice of Appeal following the entry of this Order. Petitioner's request for an open-ended extension of time to file an appeal will be denied. After the Notice of Appeal is filed, any request to stay or other relief in the appeal proceedings should be directed to the Fourth Circuit Court of Appeals.

Petitioner has also filed Motions seeking the appointment of counsel and for reconsideration of the Order denying § 2255 relief. In the underlying criminal case, Petitioner pleaded guilty plea to three counts of violating 18 U.S.C. § 922(g). In his § 2255 Motion to Vacate, Petitioner raised several claims including his actual innocence of the § 922(g) offenses and ineffective assistance of counsel in light of Rehaif v. United States, 139 S. Ct. 2191 (2019).[2] The Court found the actual innocence claim to be procedurally defaulted from § 2255 review and denied the ineffective assistance claim on the merits. Petitioner now seeks the appointment of counsel and reconsideration based on the Fourth Circuit's opinion in United States v. Gary, 954 F.3d 194 (4th Cir. 2020),[3] which was decided after the Court issued its February 21, 2020 Order denying § 2255 relief. (Doc. Nos. 14, 15).

Although Petitioner does not state the basis for his Motions for Reconsideration, they will be liberally construed as seeking relief under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.

---

[2] The Supreme Court held in Rehaif that, in a prosecution under §§ 922(g) and 924(a)(2), the government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id., 139 S. Ct. at 2200.

[3] In Gary, the Fourth Circuit Court of Appeals held that error pursuant to Rehaif, is structural error that *per se* affects a defendant's substantial rights.

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Petitioner's Motion is time-barred under Rule 59(e) because Petitioner did not file it within 28 days after the Judgment was entered. Further, relief would not be warranted even if the Motion had been timely filed. Petitioner's Motion is based on the Fourth Circuit's decision in Gary. However, Gary was decided on direct appeal whereas Petitioner has presented his Rehaif claim on collateral review. Therefore, Gary does not represent an intervening change in controlling law and Rule 59(e) relief will be denied.

Rule 60 permits a court to correct orders and provide relief from judgment under the following circumstances:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted).

Petitioner has failed to demonstrate that he is entitled to relief under any of the enumerated grounds in Rule 60(b)(1) through (5). Nor has he demonstrated that extraordinary circumstances warrant relief under Rule 60(b)(6). Therefore, to the extent that Petitioner seeks relief under Rule 60(b), it will be denied.

Finally, Petitioner seeks the appointment of counsel. There is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings. Those rules mandate the appointment of counsel where discovery is necessary or if an evidentiary hearing is required. Rules 6(a), 8(c) 28 U.S.C. foll. § 2255. Otherwise, the Court may appoint counsel to a financially eligible petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B).

While the Court recognizes that Petitioner is currently lacking in legal resources, the Court finds that justice does not require the appointment of counsel in this case. Petitioner was able to adequately represent himself in the § 2255 proceedings and the matter before this Court has concluded. Any further request for counsel should be directed to the Fourth Circuit Court of Appeals.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Letter, (Doc. No. 13), is construed as a Motion to Seal and Motion for Extension of Time to Appeal and is **GRANTED** in part and **DENIED** in part as set forth in this Order.

2. Petitioner's Motion for Reconsideration, (Doc. No. 14), is **DENIED**.

3. Petitioner's Motion for Reconsideration/ Motion to Appoint Counsel, (Doc. No. 15), is **DENIED**.

4. The Clerk of Court is instructed to **REPLACE** docket entries 3:19-cv-280-RJC (Doc. No. 10) and 3:14-cr-254-RJC-DSC-1 (Doc. No. 64) with the redacted document attached to this Order.

5. **IT IS FURTHER ORDERED** that the Clerk of Court is instructed to forward a copy of this Order to LexisNexis at source.acquisition@lexisnexis.com, and Westlaw at west.casescarteam@thomson.com with instructions to replace the February 21, 2020 Order that currently appears at 2020 U.S. Dist. LEXIS 29897 and 2020 WL 881142, respectively, with the redacted version of the document (attached) due to its confidential content.

Signed: August 24, 2020

Robert J. Conrad, Jr.
United States District Judge